UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR LA JOLLA BANK, FSB,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES M. SUTTER, *et al.*,<br><br>    Defendants. | Civil No. 12cv670 L (JMA)<br><br>**ORDER GRANTING JOINT MOTION FOR SETTLEMENT DETERMINATION OF GOOD FAITH [doc. #106]** |

Defendant Curtis Kaufman and the FDIC move for a determination of good faith settlement under California Code of Civil Procedure § 877.6. The hearing date was set for July 7, 2014. No opposition was filed by any other defendant.

**I.     BACKGROUND**

The facts are taken from the Complaint in this action. On June 4, 2007, La Jolla Bank[1] loaned Monument at Calico Ridge, LLC, a Nevada Limited Liability Company ("Monument"), $12,250,000. (Compl. ¶ 9.) The Promissory Note was secured by a Construction Loan Deed of Trust against real property located in Henderson, Nevada. (Compl.¶ 9.) Also on June 4, 2007, Monument and La Jolla Bank executed an Amendment to the Promissory Note which required

---

[1] The FDIC was appointed as the Receiver of La Jolla Bank, FSB, on February 9, 2010. (Compl. ¶ 1.)

certain documentation. (Compl. ¶ 10.)

In connection with the Promissory Note, James M. Sutter, Curtis L. Kaufman, Brian J. Kaufman, and Larry Waller[2] each executed a Commercial Guaranty to absolutely and unconditionally guarantee the full payment and satisfaction of Monument's obligation to repay the loan to La Jolla Bank. (Compl. ¶ 13.) Specifically, these guaranties included a waiver provision whereby the Guarantors waived all rights otherwise available under federal and state law, including, but not limited to, the protections afforded under California's antideficiency laws.

On August 1, 2007, Monument and La Jolla Bank executed a Change in Terms Agreement and a Modification of Deed of Trust which added additional real property collateral as security for the loan. (Compl. ¶ 11.) And on March 1, 2008, Monument and La Jolla Bank executed another Change in Term Agreement which reduced the minimum interest rate on the Promissory Note. (Compl. ¶ 12.)

Monument failed to repay the loan. (Compl. ¶ 15.) On March 18, 2010, the FDIC declared a default and demanded that Monument and the Guarantors pay the unpaid balance of the Promissory Note. (*Id.*) On September 23, 2011, the FDIC completed a nonjudicial foreclosure sale of the real property that secured the Promissory Note. (*Id.* at. ¶ 17.) Plaintiff contends the unpaid balance of the Promissory Note was $14,643,421.40. (*Id.*) The FDIC obtained title to the property through the nonjudicial foreclosure sale with a credit bid of $1,616,190. (*Id.*) After applying the credit bid to the balanced owed at the date of the foreclosure sale, the balance on the Promissory Note was $13,027,231.40. (*Id.* at ¶ 18.)

On March 19, 2012, plaintiff filed its complaint. Plaintiff filed a motion for summary adjudication concerning three of defendants' defenses. The Court granted plaintiff's motion with respect to defendants' affirmative defenses concerning California's one action rule and the sham guarantor defense, and denied plaintiff's motion with respect to defendants' affirmative defense concerning failure to mitigate damages.

---

[2] Larry Waller filed for bankruptcy protection.

Defendant Curtis Kaufman and the FDIC have entered into a settlement agreement. Kaufman has agreed to pay plaintiff $150,000 in exchange for a release of all claims that plaintiff might have against Kaufman. The remaining defendants, James M. Sutter and Brian J. Kaufman have not entered into settlement agreements. Thus, under California Code of Civil Procedure §877.6, Curtis Kaufman and the FDIC move for a determination that the settlement agreement was entered into in good faith.

## Discussion

A court sitting in diversity has discretion to determine whether a settlement is in good faith under California Code of Civil Procedure Section 877.6. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1064 (9th Cir. 2011). When a settlement is determined to have been made in good faith, further negligence-based equitable contribution or comparative indemnity claims against settling parties are barred "so long as the other tortfeasors were given notice and an opportunity to be heard." *Gackstetter v. Frawley*, 135 Cal. App.4th 1257, 1273 (2006). A determination that a settlement has been conducted in good faith will also "reduce the claims against the [remaining defendants] in the amount stipulated by the release." CAL. CIV. PROC. CODE § 877(a).

When a motion for good faith settlement is opposed, the settlement is subject to a multi-factor test set out in *Tech–Bilt, Inc. v. Woodward–Clyde & Assocs.*, 38 Cal.3d 488 (1985), to examine whether settling parties have reached a good faith agreement.[3] Once there is a showing made by the settlor of the settlement, the burden of proof on the issue of good faith shifts to the nonsettlor who asserts that the settlement was not made in good faith. *City of Grand Terrace v. Superior Court*, 192 Cal. App.3d 1251, 1261 (1987); *see also Tech–Bilt, Inc.*, 38 Cal.3d at 499. But when the good faith nature of a settlement is undisputed, it is unnecessary to

---

[3] The *Tech-Bilt* factors for evaluating a settlement include: (1) rough approximation of plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) a recognition that a settlor should pay less in settlement than he would if found liable at trial; (5) the financial conditions and insurance policy limits of the settling defendant; (6) the existence of collusion, fraud, tortious conduct aimed to injure the interests of the nonsettling defendants; and (7) the information available at the time of the settlement. 38 Cal.3d at 499.

weigh the *Tech–Bilt* factors. *City of Grand Terrace* at 1261 ("when no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient.")

California Code of Civil Procedure § 877.6(a)(2) sets forth the requisite procedure for applying for determination of good faith settlement. The application must give notice to the nonsettling parties, must indicate the settling parties, and the basis, terms, and amount of the settlement. A nonsettling party may file a notice of motion to contest the good faith of the settlement within 25 days of mailing of the notice and application.

Here, notice of the motion was given to all parties. The nonsettling defendants had 25 days following mailing of the notice to oppose the settlement. That time has expired. The joint motion for good faith settlement approval indicates who the settling parties are, the basis, terms, and the amount of the settlement.

**Conclusion**

For the reasons stated, the unopposed joint motion for an order determining that plaintiff and defendant Curtis Kaufman have reached settlement in good faith pursuant to California Code of Civil Procedure Section 877 and 877.6 is **GRANTED**.

**IT IS SO ORDERED.**

DATED: July 21, 2014

                                   M. James Lorenz
                                   United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL